IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania       :
                                   :
            v.                     :     No. 1745 C.D. 2024
                                   :     Submitted: March 3, 2026
Dwayne Arthur Reid, Jr.,           :
                  Appellant        :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: May 28, 2026

       Dwayne Arthur Reid, Jr. (Reid), pro se, appeals from an April 17, 2024 Order of the Court of Common Pleas of York County (trial court), which found Reid guilty of two summary offenses related to an unattached trailer parked on a public roadway. Because Reid filed an untimely Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b) (Rule 1925(b) Statement), which is a bright-line rule established by the Pennsylvania Supreme Court, we are constrained to conclude that the various issues Reid seeks to raise on appeal are waived. Accordingly, we affirm the trial court's Order.

       This matter stems from two citations issued by the City of York (City) for violations of Article 525, Section 2 of the Codified Ordinances of York,

Pennsylvania (Traffic Code).[1]  The first was issued on January 25, 2023, and the second was issued on March 15, 2023.  A magisterial district judge found Reid guilty and assessed fines and costs.  Reid filed a summary appeal with the trial court, and a summary trial was subsequently held over the course of two days.  In the interim, Reid had filed a "Judicial Notice and Administrative Notice; In the Nature of a Writ of Error, Coram Nobis," which the trial court interpreted as a motion to dismiss.

On April 17, 2024, the trial court issued its Order finding Reid guilty of both offenses and reimposing the fines and costs.  Reid filed a timely notice of appeal from the trial court's Order on May 16, 2024.[2]  On May 21, 2024, the trial court issued an order, consistent with Pa.R.A.P. 1925(b)(3) and *Berg v. Nationwide Mutual Insurance Company, Inc.*, 6 A.3d 1002 (Pa. 2010), directing Reid to file a Rule 1925(b) Statement within 21 days, which would be June 11, 2024, and providing that "[a]ny issue not properly included in the [Rule 1925(b)] Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." (5/21/24 Trial Court Order, Original Record Item 14.)[3]

---

[1] CITY OF YORK, PA., CODIFIED ORDINANCES, *as amended* (1977).  Part Five contains the Traffic Code.  While codified in 1977, Section 2 of Article 525 was originally enacted as an ordinance in 1947 and provides that "[t]he parking of a trailer or semitrailer when the same is not attached to a tractor upon any of the streets, alleys or highways of the City is hereby prohibited." Traffic Code § 525.02, available at https://www.yorkcity.org/wp-content/uploads/2017/04/Article-525-Trailers.pdf (last visited May 28, 2026).  A trailer is defined as "every vehicle, wagon or truck without motive power designed to carry property or passengers wholly on its own structure and to be drawn by a motor vehicle."  Traffic Code § 525.01(f).

[2] The Superior Court transferred the appeal to this Court by order filed November 15, 2024.

[3] The Supreme Court in *Berg* explained that it is "the trial court's order that triggers an appellant's obligation under the [R]ule," and if that "order is inconsistent with the [Rule's] requirements . . . , the waiver provisions . . . do not apply."  6 A.3d at 1008, 1011.  Here, the trial court's order complied with the Rule's requirements and specifically advised that waiver would result from noncompliance.

On March 14, 2025, Reid filed with the trial court what he labeled a "Petition for Review" addressed to this Court, which is styled more as a brief in which he identifies 10 statements of questions involved. The trial court, in its opinion issued pursuant to Pa.R.A.P. 1925(a) (Rule 1925(a) Opinion or Op.), stated it was treating the Petition for Review as Reid's Rule 1925(b) Statement. (Rule 1925(a) Op. at 3.) In its Rule 1925(a) Opinion, the trial court stated Reid's appeal could be dismissed for failure to file a Rule 1925(b) Statement in conformity with the rules. (*Id.*) Notwithstanding, the trial court did address six of the issues Reid raised and concluded the other four were "without merit on their face." (*Id.* at 4.)

Before this Court, Reid argues his convictions should be overturned because the City did not erect signs stating trailer parking was illegal, which he maintains is required under 67 Pa. Code § 212.114(d).[4] Reid further argues the lack of required signs violated his due process rights as he was without fair notice and the trial court erred as it did not permit Reid to be fully heard on this issue and summarily dismissed it, which illustrates the trial court's bias against Reid. In addition, Reid argued he was denied a right to a jury trial and that the transcript of the proceedings was "drastically altered, with words that were spoken omitted from the record and words that were not spoken inserted into the record." (Reid's Brief at 11.)[5] Reid also contends the Traffic Code provision he was charged with violating was not properly enacted. Specifically, he maintains the enabling statutes from which the City derives its authority were not properly passed, thereby rendering the City's ordinances invalid, as well. Next, Reid argues the City code enforcement officers

---

[4] This section provides: "When parking is permitted, local authorities or the Department [of Transportation] may prohibit certain kinds and classes of vehicles from parking for safety, capacity or environmental reasons. Official signs must indicate the prohibitions." 67 Pa. Code § 212.114(d).

[5] Reid's brief is not paginated; therefore, we use the pagination of the pdf.

3

lacked enforcement authority as they did not take the mandatory oath of office, the magisterial district court acted in an administrative capacity instead of a judicial one in violation of the separation of powers and depriving it, and consequently the trial court and this Court, of jurisdiction over the merits, and the enforcement and adjudication process was not in compliance with the Administrative Agency Law, 2 Pa.C.S. §§ 501-508, 701-704. Finally, Reid asserts illegally obtained evidence was used in his convictions, though he does not identify what evidence was purportedly obtained illegally and how. Reid asks that the Court vacate the conviction and related fines or, alternatively, remand for additional factfinding.

The City responds that all of Reid's issues are waived as he did not timely file a Rule 1925(b) Statement pursuant to the trial court's May 21, 2024 order. Instead, the City asserts Reid filed what he labeled a "Petition for Review" with the trial court. Even if treated as a Rule 1925(b) Statement, the City argues the Petition for Review was untimely as it was filed several months late and, because the Supreme Court has a bright-line rule for untimely filed Rule 1925(b) Statements, the Court must conclude all of Reid's issues are waived.

Alternatively, the City argues Reid admitted to violating the Traffic Code provision, which is sufficient to support a guilty verdict. To the extent Reid argues signage is required, the City asserts that the provision of the Traffic Code prohibiting parking unattached trailers on public streets was enacted in 1947 and, therefore, precedes the regulation found at 67 Pa. Code § 212.114, which was not adopted until February 4, 2006. The City further argues that there was no unreasonable search or seizure of Reid's property, as the trailer was parked on a public street when it was photographed and the license plate searched to determine the owner. Thus, the City argues, there was no reasonable expectation of privacy. Nor does Reid have a right

4

to a jury trial, the City argues, because the citations were for summary offenses. The City also disputes that the magisterial district court or trial court lacked jurisdiction over summary offenses and summary appeals, citing Sections 932 and 1515(a)(1) of the Judicial Code, 42 Pa.C.S. §§ 932, 1515(a)(1),[6] and Pennsylvania Rule of Criminal Procedure 462(A), Pa.R.Crim.P. 462(A).[7] The City requests that this Court affirm the trial court's Order.

In his reply brief, Reid does not address the timeliness of his Rule 1925(b) Statement. Instead, Reid repeats and/or elaborates on many of the same arguments asserted in his principal brief.[8]

As a preliminary matter, we must address whether Reid preserved any issues for appeal given the untimely filing of the Rule 1925(b) Statement. Pursuant to Pa.R.A.P. 1925(b), if the trial court "desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in

---

[6] Section 932 provides, "[e]xcept as otherwise prescribed by any general rule adopted pursuant to [S]ection 503[, 42 Pa.C.S. § 503,] (relating to reassignment of matters), each court of common pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district." 42 Pa.C.S. § 932. Section 1515(a)(1) provides that "magisterial district judges shall . . . have jurisdiction of . . . [s]ummary offenses . . . ." 42 Pa.C.S. § 1515(a)(1).

[7] Rule 462(A) provides:

> When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

Pa.R.Crim.P. 462(A).

[8] In his reply brief, Reid also seeks to strike the City's brief as untimely, citing Pennsylvania Rule of Appellate Procedure 2185, Pa.R.A.P. 2185. Reid asserts the City had only 21 days to file its brief following the filing of his brief. However, Reid cites Rule 2185(a)(2), which is applicable to Children's Fast Track Appeals, which this is not. An appellee has 30 days after service of an appellant's brief, Pa.R.A.P. 2185(a)(1), which is consistent with the timeframe set forth in the briefing schedule issued on May 13, 2025. Thus, the City's brief is timely.

the trial court and serve on the judge" a Rule 1925(b) Statement within 21 days. Pa.R.A.P. 1925(b), (b)(2)(i). We previously explained:

> "The function of the [Rule 1925(b) S]tatement is to clarify for the judge who issued the order the grounds on which the aggrieved party seeks appellate review - so as to facilitate the writing of the opinion." *Commonwealth v. Rogers*, . . . 250 A.3d 1209, 1224 ([Pa.] 2021). Thus, Rule 1925(b)(4)(vii) specifies that "[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). Correspondingly, Rule 1925(b)(3)(iv) requires trial court orders directing appellants to file Rule 1925(b) Statements to include the warning that issues not included therein are waived. *See* Pa.R.A.P. 1925(b)(3)(iv). . . .
>
> In *Commonwealth v. Lord*, . . . 719 A.2d 306 ([Pa.] 1998), the Pennsylvania Supreme Court made clear that if an appellant fails to file a timely Rule 1925(b) Statement as ordered by the trial court, all issues will be waived for purposes of appellate review. This Court has observed: "The Supreme Court's establishment of a bright-line rule in *Lord* makes waiver under Rule 1925[(b)] automatic with no room for interpretation."[5] *Commonwealth v. Weldon* (Pa. Cmwlth.[,] No. 1547 C.D. 2016, filed Aug. 31, 2017), slip op. at 3 [, 2017 WL 3746494];[9] *see also Commonwealth v. Castillo*, . . . 888 A.2d 775, 780 ([Pa.] 2005) (reaffirming *Lord's* bright-line test, expressing "disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived"); *Commonwealth v. Butler*, . . . 812 A.2d 631 ([Pa.] 2002) (reaffirming *Lord*). The complete failure by an appellant to file a Rule 1925(b) Statement certainly renders his issues subject to the same fate. . . .
>
> > FN5: The trial court's filing of a [s]tatement or opinion does not cure the waiver. *See Jenkins v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 1038 (Pa. Cmwlth. 2018).

*Cummings v. Matiyasic*, 334 A.3d 85, 88-89 (Pa. Cmwlth. 2025).

---

[9] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

"[T]he Pennsylvania Supreme Court has strictly applied [the] requirement that appellants timely comply with a trial court's order to file a [Rule 1925(b) Statement] pursuant to Pa.R.A.P. 1925(b)." *Paluch v. Beard*, 182 A.3d 502, 506 (Pa. Cmwlth. 2018) (citing cases). This is true even for *pro se* litigants. *Cummings*, 334 A.3d at 89 (citing cases). "In our early jurisprudence, this Court held that an untimely Rule 1925(b) [S]tatement did not waive all issues where the trial court issued an opinion addressing the merits of the appellant's issues." *Jenkins*, 176 A.3d at 1041-42. However, the Pennsylvania Supreme Court has since disapproved of intermediate appellate courts creating exceptions to the strict, bright-line waiver requirement for untimely Rule 1925(b) Statements established in *Lord*. *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (disapproving "lower court decisions that had created exceptions to [Pa.R.A.P. 1925(b)'s] bright-line nature," explaining "the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement"); *see also Commonwealth v. Wholaver*, 903 A.2d 1178, 1184 (Pa. 2006) (reaffirming that "the strict waiver rule should not be 'selectively enforced . . . based on the arguments of the parties'" (citation omitted)); *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (reasserting that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver"). Accordingly, we are "constrained to find issues waived when a [Rule] 1925(b) [S]tatement is untimely filed." *Paluch*, 182 A.3d at 506 (citing cases).[10]

---

[10] "In extraordinary circumstances, the judge may allow for the filing of a [Rule 1925(b)] Statement . . . *nunc pro tunc*." Pa.R.A.P. 1925(b)(2)(i). Nunc pro tunc relief is warranted when there is fraud, a breakdown in the administrative process, or non-negligence. *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979). The burden of proving an entitlement to one of these exceptions is a heavy one. *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021). Reid makes no such assertions. Therefore, *nunc pro tunc* relief is not warranted.

Therefore, we affirm the trial court's Order.[11]

_____
RENÉE COHN JUBELIRER, President Judge

---

[11] Even if Reid's Rule 1925(b) Statement had been timely, Reid would not have prevailed on the merits of his appeal for the reasons stated in the trial court's Rule 1925(a) Opinion. Concerning Reid's assertion involving the lack of signage, as pointed out by the City, the relevant parking restrictions predated the Department of Transportation's regulation by more than one-half of a century and signage was not required.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
 :
v.     :    No. 1745 C.D. 2024
 :
Dwayne Arthur Reid, Jr.,     :
          Appellant     :

# **O R D E R**

**NOW**, May 28, 2026, the Order of the Court of Common Pleas of York County, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge